1

2

3

4

5                 IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 UNITED STATES OF AMERICA,           No. CR 03-179 SI

9          Plaintiff,          **ORDER GRANTING INTERVENERS'**
                                 **MOTION TO INTERVENE FOR LIMITED**

10   v.                             **PURPOSE OF BRINGING MOTION;**
                                   **DENYING MOTION TO UNSEAL COURT**

11 ENDOVASCULAR TECHNOLOGIES, INC.,     **RECORDS**

12          Defendant.
     _____/

13

14       Now before the Court is the motion by interveners Wilder, Norks, McGuan and Johnson for

15 access to court records and to intervene for the limited purpose of bringing the motion.  Interveners seek

16 an order unsealing and providing full access to (1) the unredacted opinion by Judge Walker filed July

17 18, 2002; (2) the unredacted pleading leading to Judge Walker's order; and (3) two search warrants.[1]

18 Interveners also want a declaration that plea negotiations between defendant and the government leading

19 up to the conviction of defendant in June 2003 are not subject to grand jury secrecy.  The government

20 and defendant Endovascular Technologies have opposed the motion.

21       Grand jury proceedings are not subject to a general presumption of accessibility and may only

22 be disclosed to prevent injustice and for limited uses.  *See Douglas Oil Co. of California v. Petrol Shops*

23 *Northwest*, 441 U.S. 211, 223 (1979).  Interveners assert that they need the requested documents in order

24 to pursue their claims in a pending product liability case against Endovascular Technologies.  Interveners

25 allege that the defendants in the state case have not been forthcoming in the state discovery process, and

26 _____

27     [1] In 2003, the San Jose Mercury News sought to unseal these same documents.  By order filed
September 2, 2003, the Court granted the motion in part and unsealed a redacted copy of Judge Walker's

28 opinion, and denied the motion with respect to the pleading leading to Judge Walker's opinion and the
search warrants.  Intervenors have a copy of the redacted July 18, 2002 opinion.

**United States District Court**

For the Northern District of California

1    that the grand jury documents will enable them to locate relevant discovery.

2         The Court finds that interveners have not met their burden to show that the documents should

3    be disclosed.  Defendant asserts – and interveners do not dispute – that the parties to the state court

4    litigation have not met and conferred or filed any motions regarding alleged inadequacies in

5    Endovascular's discovery responses.  To the extent interveners assert that the audit reports should have

6    been produced or disclosed pursuant to discovery requests in the state court litigation, interveners should

7    pursue their remedies in state court.  Relatedly, interveners have not shown that routine tools of civil

8    discovery tailored to the matters discussed in Judge Walker's redacted opinion have been or would be

9    fruitless.

10        Accordingly, the Court GRANTS the motion to intervene and DENIES the motion to unseal.

11   (Docket No. 42).

12        **IT IS SO ORDERED.**

13

14   Dated: December 18, 2006                    _____

15                                                SUSAN ILLSTON
                                                  United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28